IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KIMBERLY SIMMONS,

        Plaintiff,

v.                                   CIVIL ACTION NO. 2:11-cv-00125

TACO BELL OF AMERICA, INC., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion to Remand the Case to the Circuit Court of Kanawha County, West Virginia [Docket 9]. For the reasons discussed below, this Motion is **GRANTED**.

**I.    Background**

The plaintiff, Kimberly Simmons, worked for defendant Taco Bell of America, Inc., ("Taco Bell") for approximately 30 years. Defendant Shawn Kidd was a Taco Bell management employee who, according to the plaintiff, had authority over her. (Pl.'s Mem. Supp. Mot. Remand [Docket 10], at 2.) The plaintiff alleges that despite consistent, satisfactory performance that met the employer's reasonable expectations, she was terminated on or about July 21, 2010 as a result of her age. According to the Complaint, the plaintiff is a citizen of Ohio, defendant Taco Bell is a Delaware corporation with its principal place of business in California, and defendant Kidd is a citizen of West Virginia.

On January 28, 2011, the plaintiff filed suit in the Circuit Court of Kanawha County, West Virginia, alleging that her termination was the result of age discrimination in violation of the West Virginia Human Rights Act. Taco Bell removed the case to this court on February 24, 2011, pursuant to 28 U.S.C. §§ 1332 and 1441(b), on the basis of diversity jurisdiction. In addition, Taco Bell claimed that defendant Shawn Kidd was fraudulently joined and, as a result, removal was proper despite his West Virginia citizenship. On March 22, 2011, the plaintiff filed a motion to remand the case to the Circuit Court of Kanawha County, West Virginia, arguing that defendant Kidd was properly joined and, because Kidd is a citizen of West Virginia, removal was improper. *See* 28 U.S.C. § 1441(b).

## II.     Legal Standard

For removal from state to federal court to be appropriate, the federal court must possess original jurisdiction. 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to a federal court by the defendant."). "A case falls within [a] federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same state." *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998). Despite complete diversity, under the "forum defendant rule" a case is not removable where one or more of the defendants "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

The party seeking removal bears the burden of establishing federal jurisdiction. *See Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction implicates significant federalism concerns, it is strictly construed. *See Shamrock Oil &*

*Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Mulcahey*, 29 F.3d at 151. If federal jurisdiction is doubtful, the case must be remanded. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 334 (4th Cir. 2008) (internal citations omitted).

Under the doctrine of "fraudulent joinder," however, the court may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The burden on the party asserting fraudulent joinder is heavy; the defendant must establish either that: "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (internal citation omitted) (internal quotation marks omitted). "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Id.* at 232-33 (internal citations omitted). The Fourth Circuit has additionally held that "[t]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under the Fed.R.Civ.P. 12(b)(6)." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal citation omitted). In fact, "there need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Id.* at 426 (internal citation omitted). In determining whether the plaintiff has a glimmer of hope, the court may consider the entire record. *AIDS Counseling & Testing Ctrs. v. Group W. Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990).

### III. DISCUSSION

In this case, the defendants do not contend that there has been outright fraud in the plaintiff's jurisdictional pleadings, but rather that, for the following reasons, there can be no cause of action against Kidd. First, the defendants argue that the claims against Kidd, as an individual, are precluded in this case under the West Virginia Human Rights Act. (Mem. Supp. Def. Shawn Kidd's Mot. Dismiss [Docket 6], at 4.) Second, the defendants claim that Kidd was not the plaintiff's supervisor prior to her termination and "exercised no authority which adversely impacted the Plaintiff." (Shawn Kidd's Reply Pl.'s Resp. Mot. Dismiss [Docket 12], at 1, 3.) Therefore, the defendants argue, the plaintiff cannot establish a cause of action against Kidd and he is fraudulently joined. For the reasons explained below, the defendants have not met the heavy fraudulent joinder burden.

First, under the West Virginia Human Rights Act, an individual, including a fellow employee, can be held liable for engaging in discriminatory practices. *St. Peter v. Ampak-Division of Gatewood Products, Inc.*, 484 S.E.2d 481, 489 (W. Va. 1997) ("[A]n individual person, including another employee, can be held liable under the Act."); *see also* W. Va. Code § 5-11-9; *Conrad v. ARA Szabo*, 480 S.E.2d 801, 817 (W. Va. 1996)*; Holstein v. Norandex, Inc.,* 461 S.E.2d 473, 478 (W. Va. 1995). Accordingly, the plaintiff can, as a matter of law, bring a claim against Kidd as an individual.

Second, there is a slight possibility of a right to relief against Kidd. The only specific allegations against Kidd in the bare-bones pleadings are that he is a West Virginia resident who was a management employee of Taco Bell during the relevant time period. The defendants argue that this is insufficient to state a claim for age discrimination under 12(b)(6). This may be true, but under

the fraudulent joinder standard there need only be a possibility of a claim. The defendants also argue that Kidd did not have authority over the plaintiff when she was placed on administrative leave and did not participate in any employment decisions concerning her. Therefore, they argue, he cannot be liable for age discrimination. The plaintiff claims, however, that prior to her termination Kidd had a close working relationship with her immediate supervisor, and that Kidd intended to replace her immediate supervisor. (Aff. Kimberly Simmons [Docket 17-1] ¶¶ 5-6.) Kidd was copied on emails to the plaintiff and reviewed her final expense report. Consequently, she alleges, Kidd was her "de facto" supervisor. (*Id.* ¶¶ 5, 8 & 10.) The factual information before the court is limited and contradictory. Simply because Kidd was not the plaintiff's supervisor in name does not mean that he could not have affected the employment decisions concerning her. Viewing the facts in the light most favorable to the plaintiff, there is at least a "glimmer of hope" that the plaintiff can state a claim against Kidd in state court. 187 F.3d at 424. Accordingly, the defendant has not met the heavy burden necessary to establish Kidd was fraudulently joined and removal was improper.

The plaintiff also requests that the court award her costs and fees. Title 28 U.S.C. § 1447(c), provides, in part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

While the defendants' arguments supporting removal are ultimately unpersuasive, I nevertheless **FIND** that the defendants had an objectively reasonable basis for seeking removal. Accordingly, the plaintiff's request for costs and fees is **DENIED**.

## IV. CONCLUSION

Based on the foregoing, the court **FINDS** there is some possibility that the plaintiff will be able to establish a cause of action against the in-state defendant, Shawn Kidd. Because Kidd was not fraudulently joined, his West Virginia citizenship prevents the removal of this case. Accordingly, the court **GRANTS** the plaintiff's Motion to Remand [Docket 9], and **ORDERS** that this action be remanded to the Circuit Court of Kanawha County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party and a certified copy of this Order to the clerk of the Circuit Court of Kanawha County, West Virginia.

ENTER: May 25, 2011

Joseph R. Goodwin, Chief Judge